ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| K-CON BUILDING SYSTEMS, INC., Plaintiff, | ) | No.: 05-914C |
| vs. | ) | Judge: ____________ |
| UNITED STATES OF AMERICA, DEPARTMENT OF HOMELAND SECURITY, UNITED STATES COAST GUARD, Defendant. | ) | |

FILED
AUG 22 2005
U.S. COURT OF FEDERAL CLAIMS

## COMPLAINT

The Plaintiff, K-Con Building Systems, Inc. (hereinafter "K-Con") complains of the Defendant herein as follows:

## JURISDICTIONAL ALLEGATIONS

1. K-Con is a corporation organized and existing under the laws of the State of South Carolina and at all times relevant herein was in the business of construction, including construction of metal buildings.

2. The Defendant, the United States of America, is a Defendant in this action by virtue of the actions and omissions of its agency and instrumentality, the Department of Homeland Security, United States Coast Guard (hereinafter the "Coast Guard").

3. This case involves construction of a prefabricated ARSC Component Repair Shop (prefabricated metal building) at the United States Coast Guard Support Center, Elizabeth City, North Carolina, under Contract No. DTCG47-03-F-3EFK27 (GSA Contract No. GS-07F-0216L) (hereinafter the "Contract").

4. On March 17, 2005, the Coast Guard issued a final contracting officer's decision (Attachment 1 hereto) terminating the Contract for default.

5. This Court has jurisdiction over this matter pursuant to 41 U.S.C. § 609.

6. K-Con has timely and properly pursued and exhausted all administrative remedies prior to instituting this action.

## GENERAL FACTUAL ALLEGATION

7. The Contract was awarded to K-Con on or around September 23, 2003 with an initial contract completion date of June 17, 2004.

8. The Contract includes FAR 52.249-10, Default (Fixed-Priced Construction)(April 1984).

9. The Contract generally required K-Con to design build a prefabricated metal building for the Coast Guard to be constructed in Elizabeth City, North Carolina. During the course of the design and construction, the Coast Guard changed and modified the contract in among other ways, failing to properly review and approve drawings submitted by K-Con, and directing K-Con to perform additional work that was not required by the Contract.

10. The Coast Guard failed to extend the Contract as a result of its actions, or inactions, and as required by the Contract because of the changes to the work directed by the Coast Guard.

11. Despite the Coast Guard's actions, K-Con continued performance of the Contract as directed by the Coast Guard.

12. On March 17, 2005, the Coast Guard issued a final contracting officer's decision terminating the Contract for default for failure to make progress and failure to prosecute the work with the diligence that would ensure completion within the time specified by the Contract including extensions. The final contracting officer's decision also stated that the Coast

Guard would assess liquidated damages, which it has done.

13. Upon information and belief, the Coast Guard failed to follow the requirements of FAR 49.402-3 (Procedure for Default) and FAR 52.249-10 (Default).

14. The termination for default by the Coast Guard was improper and without cause.

15. The assessment and withholding liquidating damages was improper and without cause. The Coast Guard cannot state what specific dates K-Con was the sole cause of any alleged delays to the Contract.

16. Any delays to the Contract that were allegedly caused by K-Con are concurrent with delays to the Contract caused by the Coast Guard.

17. K-Con was not contractually obligated to perform any additional work to the Contract without first receiving either a bilateral modification or unilateral modification from the Coast Guard; however, the Coast Guard directed K-Con to perform additional work without any such modifications, and without the Coast Guard extending the Contract as required by the changes clause of the Contract.

18. The Coast Guard failed to conduct any meaningful analysis of the impact and delays on the Contract caused by the additional work and the actions or inactions of the Coast Guard on the work being performed by K-Con.

**WHEREFORE**, K-Con prays for judgment against the Coast Guard finding that:

(1) the termination for default was improper and without cause,

(2) the Coast Guard failed to follow the proper procedures for termination for default,

(3) the termination for default be rescinded and converted to a termination for convenience,

(4) the assessment of liquidated damages by the Coast Guard was improper and without cause,

(5) K-Con is entitled to remission of liquidated damages,

(6) K-Con is entitled to all damages incurred as a result of the wrongful termination for default and wrongful assessment of liquidated damages,

(7) interest as may be applicable,

(8) attorney's fees, and

(9) for such other and further relief as this Court deems just and proper.

**PEDERSEN & SCOTT, P.C.**

William A. Scott, Esquire
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this 17th day of August, 2005.

U.S. Department of Homeland Security
United States Coast Guard

Commanding Officer
Facilities Design & Construction Center (Atlantic)

5505 Robin Hood Rd., Suite K
Norfolk, VA 23513-2431
Staff Symbol:
Phone: (757) 852-3449
FAX: (757) 852-3495

4200
Ser. No. 0107K
17 March 2005

K-Con Building Systems
Attn: Mr. Patrick Kiernan
2728 Spruill Ave
N. Charleston, SC 29405

Re: Contract No. DTCG47-03-F-3EFK27, (GSA Contract GS-07F-0216L) ARSC Component Repair Shop, USCG Support Center, Elizabeth City, NC

**NOTICE OF TERMINATION FOR DEFAULT**

Dear Mr. Kiernan:

Contract DTCG47-03-F-3EFK27 to Design and Construct Prefabricated ARSC Component Repair Shop at the USCG Support Center, Elizabeth City, NC was awarded to you on September 23, 2003 with a contract completion date of June 17, 2004.

My cure letter dated May 6, 2004 stated that the Government considered your failure to submit a proper progress schedule and failure to perform any work on site was endangering the performance of your contract. Your response of May 16, 2004 stated that you were currently refining your construction schedule with suppliers and subcontractors and would submit the schedule on May 20, 2004. You further stated that your superintendent had completed the layout of the building and was coordinating with our inspector to determine the location of existing utilities. Your response stated that you planned to start site work and installation of the building pad on May 18, 2004. You stated that once the foundation design was revised and approved, you were ready to start installation of the foundation. You also stated that you were inspecting the existing equipment to be relocated by the owner and had been holding on site discussions with the base personnel to evaluate the impact of the planned move. My letter of June 18, 2004 advised you that your mechanical design submittal had significant comments that had to be addressed prior to a re-submittal of the document. In an effort to keep the project moving forward, we allowed you to proceed with the metal building and foundation construction. Incorporation and correction of the architectural, mechanical, and electrical drawings could follow while the foundation construction was occurring.

Acceptance of your structural foundation drawings on July 6, 2004 allowed construction to begin. My forbearance letter of September 22, 2004 acknowledged receipt of your progress schedule provided by email on September 20, 2004. As outlined in this letter, your schedule showed a completion date of December 8, 2004, which was 43 days beyond the then contract completion date of October 26, 2004. We subsequently

considered a request for a time extension and by bilateral modification you agreed with a November 9, 2004 completion date. Your planned completion date was still well beyond the bilaterally established completion date.

Despite your failure to make progress and your admitted inability to complete the contract by the bilaterally agreed completion date, we determined it was in the best interest of the Government to forbear from terminating your contract for default and allowed you to continue work under this contract. You would be accessed liquidated damages in the amount of $551.00 per day for any delay beyond the contract completion date of November 9, 2004.

During monthly progress meetings 2 through 5 you were advised of our concerns with your failure to make progress under this contract. Specifically, progress meeting minutes during the period of October 6, 2004 through December 9, 2004 showed there was no significant construction progress made under this contract. In addition, your daily construction reports consistently annotate little or no activity occurring on the jobsite.

My show cause letter dated December 9, 2004 stated that your failure to submit the final design documents within the time frame allowed and failure to provide adequate manpower for performing the work prevented you from completing the contract by November 9, 2004. Your response of December 22, 2004 stated that your contract requirements differ materially from the standard GSA Design-Build requirements and guidelines and that your subcontractors would resume work on January 3, 2005.

In response to your progress schedule submission of January 5, 2005, we noted corrections to three line items on your schedule, which changed your intended completion date from March 19, 2005 to April 26, 2005. Another forbearance letter dated January 12, 2005 was issued acknowledging receipt of your progress schedule that showed a late completion of 182 days.

My show cause letter of February 2, 2005 stated that your failure to submit the final design documents by January 21, 2005, failure to complete the roofing installation by January 19, 2005, failure to remove the rejected wet insulation, and failure to provide adequate manpower is preventing you from making progress toward meeting your anticipated contract completion date of April 26, 2005. Your response dated February 7, 2005 explained your reasons for not installing the roofing and stated that the final design documents would be delivered on February 10, 2005. Final design documents were not submitted until February 18, 2005. As of this date, you have failed to install the roofing and remove the rejected insulation.

Conclusions:

As noted in my cure notice of September 22, 2004 your schedule at that time was indicating a completion date of 43 days beyond the then completion date of October 26, 2004. We determined at that time that it was not in the best interest of the Government to terminate your contract for default. We did examine your request for additional time and the October 26, 2004 completion date was subsequently amended by bilateral modification to November 9, 2004. Your indicated completion date was still well beyond

this bilaterally established completion date. We continually made it clear that our forbearance was based on your performance and that we would assess liquidated damages from the November 9, 2004 completion date, which we have done. You have failed to meet any of the schedules you have submitted and we can see no support for additional Government caused delays that would extend the completion date beyond November 9, 2004. We have determined that it is no longer in the best interest of the Government to forbear termination for default for your failure to complete within the established completion date. As noted above, your performance in the forbearance period continually fell well behind any completion schedule you had submitted. Your continued failure to make progress has made it clear that it is no longer in the best interest of the Government to forbear termination for default. In accordance with contract clause FAR 52.249-10, Termination for Default (Fixed-Price Construction) (APR 1984), you are hereby notified that this contract is terminated for default for failure to make progress and failure to prosecute the work with the diligence that will insure its completion within the time specified in the contract including any extensions. Therefore, your right to proceed with work under this contract is terminated **AS OF THIS DATE**. The Government may cause the contract to be completed by others in accordance with the above clause and you will be held liable for any increased costs occasioned thereby. These costs will include liquidated damages in the amount specified in the contract that will accrue from the current contract completion date to actual completion of work. The Government reserves all rights and remedies provided by law or under the contract in addition to charging excess costs occasioned by completion of the defaulted contract.

This is a final decision of the Contracting Officer. You may appeal this decision to the Department of Transportation Board of Contract Appeals (S-20), 400 7th Street, S. W., Washington, DC 20590. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the Board of Contract Appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the Board of Contract Appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the Board of Contract Appeals, you may bring an action directly in the United States court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely,

Marion E. Hundley

MARION E. HUNDLEY, CFCM
Contracting Officer

Copy to: First Sealord Surety, Inc.
33 Rock Hill Road
Bala Cynwyd, PA 19004

GSA, General Products Center
Schedule Contracting Division (7FXP)
819 Taylor Street, Room 6A24
Fort Worth, TX 76102-6114
Attn: Kori Bertino

Small Business Administration
South Carolina District Office
1835 Assembly Street, Room 1425
Columbia, SC 29201

U. S. Coast Guard
Engineering and Industrial Support
Bldg 78
Elizabeth City, NC 27909
Attn: Carl Woody

Coast Guard
Commandant (G-LPL)
2100 2nd St. SW
Room 1414
Washington, DC 20593-0001