IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| K-CON BUILDING SYSTEMS, INC., Plaintiff, | ) | No. 05-914C |
| v. | ) | (Judge Block) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint of plaintiff K-Con Building Systems, Inc. ("KCON"), defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits the allegation contained in paragraph 2 that defendant is the United States and that the Department of Homeland Security and the United States Coast Guard ("Coast Guard") are agencies of the United States; otherwise denies the allegations contained in paragraph 2.

3. Admits the allegation contained in paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegation contained in paragraph 4 to the extent supported by the document cited, which is the best

evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegation contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegation contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 9. The allegations contained in the second sentence of paragraph 9 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 12. Admits the allegations contained in the second sentence of paragraph 12 that the contracting officer’s decision “stated that the Coast Guard would assess liquidated damages” to the extent supported by the contract cited, which is the best evidence of its contents; admits that the contracting officer has retained from plaintiff’s invoices certain amounts to cover a portion of the liquidated damages owed by plaintiff; otherwise denies the allegations contained in the second sentence of paragraph 12.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in the first sentence of paragraph 15 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, as plaintiff has not identified with any specificity the "alleged delays" it experienced; defendant states further that the allegations contained in the second sentence paragraph 15 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 18, or to any relief whatsoever.

20. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

21. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

22. Plaintiff’s claims are barred by the doctrine of accord and satisfaction.

23. Plaintiff’s claims are barred by the doctrine of waiver.

24. Plaintiff’s claims are barred by the doctrine of release.

25. Plaintiff's claims are barred by the doctrine of assumption of the risk.

DEFENDANT'S COUNTERCLAIM

26. Jurisdiction for this counterclaim is provided by 28 U.S.C. §§ 1503 and 2508.

27. The contract between plaintiff and the United States, as modified, required that plaintiff deliver the ARSC Component Repair Shop by or on November 9, 2004.

28. The contract was terminated for default on March 23, 2005.

29. The contract provides that the Government is entitled to receive liquidated damages pursuant to 48 C.F.R. § 52.211-12 for each day past the contract delivery date for the ARSC Component Repair Shop up until work is completed or accepted. The contract also provides that if the Government terminates the contractor's right to proceed, liquidated damages will continue to accrue until the work is completed.

30. Plaintiff failed to deliver the ARSC Component Repair Shop on time and in accordance with the contract terms.

31. Liquidated damages specified in the contract are $551.00 for each day past the contractual delivery date.

32. The contracting officer's March 17, 2005 final decision provides that the plaintiff is liable for liquidated damages in

the amount as specified in the contract that will accrue from the contract specified completion date to actual completion of work.

33. The Government has withheld approximately $10,220 from payments to KCON, representing a portion of the liquidated damages owed the Government.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant for liquidated damages in an amount to be determined by the Court, based upon the amount specified in the contract of $551.00 per day, accruing from the contract completion date (minus amounts already withheld) up until the work is completed, plus interest as provided by law, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL:

s/ David B. Stinson

AUDREY ROH
Department of Homeland Security
U.S. Coast Guard

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

December 20, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 20, 2005, a copy of the foregoing "DEFENDANT'S ANSWER AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON