**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **UNITED STATES OF AMERICA,** <br> **DEPARTMENT OF HOMELAND SECURITY,** <br> **UNITED STATES COAST GUARD,** <br><br> **Defendant.** | **No.: 05-914C** <br> **(Judge Block)** |

The Plaintiff answering the Defendant's Counterclaim would respectfully show unto this Honorable Court as follows:

1. The allegations contained in Paragraphs 1 through 25 are answers to the complaint and require no responsive pleading.

2. The allegations contained in Paragraph 26 are conclusions of law and require no responsive pleading; however, to the extent that any responsive pleading is required, the allegations are denied and strict proof is demanded thereof.

3. The allegations contained in Paragraph 27 are admitted as written; however, the Plaintiff alleges that the Government failed to issue all of the modifications to the contract and extend the contract as required by the Changes Clause for all of the changes to the contract directed by the Government; therefore, the contract as currently written does not accurately reflect the scope of the work or the performance time to which the contractor is entitled.

4. The allegations contained in Paragraph 28 are admitted.

5. The Plaintiff admits only so much of Paragraph 29 as the contract speaks for itself, and the Plaintiff alleges that the Defendant has taken statements in the contract out of context.

6. The allegations contained in Paragraph 30 are denied and strict proof is demanded thereof.

7. The Plaintiff admits only so much of Paragraph 31 as the liquidated damages amount stated in the contract is $551 per day, but denies any allegations or implications that the Plaintiff is responsible for any delays to the contract. The remaining allegations contained in Paragraph 31 are denied and strict proof is demanded thereof.

8. The Plaintiff admits only so much of Paragraph 32 as the contracting officer issued a final decision on or around March 17, 2005, which document speaks for itself. Any allegations or implications that the Plaintiff is in any way liable to the Government for any of the alleged costs are specifically denied. The remaining allegations contained in Paragraph 32 are denied and strict proof is demanded thereof.

9. The Plaintiff admits only so much of Paragraph 33 as the Government has withheld funds from the Plaintiff to which the Plaintiff is entitled. Any allegations or implications that the Government is entitled to withhold money from the Plaintiff are specifically denied. The remaining allegations contained in Paragraph 33 are denied and strict proof is demanded thereof.

**FOR A FIRST DEFENSE**
(Breach of Contract)

10. The claims asserted by the Government are barred as a result of the Government's breach of the contract.

**FOR A SECOND DEFENSE**
(Failure to Mitigate Damages)

11. The claims are barred by the Government's failure to mitigate damages.

**FOR A THIRD DEFENSE**
(Waiver, Estoppel and Laches)

12. The claims by the Government are barred by the doctrine of waiver, estoppel and laches.

**PEDERSEN & SCOTT, P.C.**

s/William A. Scott
William A. Scott, Esquire
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this 11th day of January, 2005.