**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 05-914 C** |
| **vs.** | ) | **(Judge Block)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

The plaintiff, K-Con Building Systems, Inc. ("K-Con"), has moved to compel the United States to respond to its discovery requests and for an order that the United States pay its expenses related to the filing of its motion. K-Con submitted its motion, however, despite (1) the parties' counsel having agreed to extend the discovery response deadlines and (2) without attempting to confer with the Government in an effort to avoid the necessity of court action. The Government has, at all times, cooperated in discovery and acted in good faith and in reasonable reliance upon the assurances of plaintiff's counsel. For these reasons, and the additional reasons described below, we respectfully request that the Court deny plaintiff's motion to compel and for expenses and issue an order permitting the United States to respond to plaintiff's requests for admission.

This case represents one of three cases in the Court of Federal Claims involving a contract dispute between the United States Coast Guard and the plaintiff. The other two, each captioned K-Con Building Systems, Inc. v. United States, involve the construction of buildings in Port Huron, Michigan (No. 05-1054, before Judge Block, hereinafter referred to as the "Elizabeth City" matter) and St. Petersburg, Florida (No. 05-981, before Judge Sweeney,

hereinafter referred to as the "St. Petersburg" matter and, collectively with this matter and the Port Huron matter, referred to as the "related cases"). Although the related cases have not been consolidated, the parties have agreed to parallel discovery in the three matters.

On October 5, 2006, plaintiff served interrogatories and document requests upon defendant in the Elizabeth City matter. At that time, the parties were actively discussing settlement of the Port Huron matter and the St. Petersburg matter, and, consequently, no discovery took place in either matter. Defendant responded to plaintiff's interrogatories and document requests in the Elizabeth City matter on January 25, 2007. At that time, however, defendant's counsel informed plaintiff's counsel that he recently had been made aware of additional e-mails related to this matter, and that the Government expected to deliver additional documents.

On January 25, 2007, the United States served interrogatories and document requests upon plaintiff in this matter. The next day, K-Con moved for an extension of the discovery schedule to reflect the delay in discovery resulting from the parties' settlement discussions in this matter and the St. Petersburg matter. As part of the discussions surrounding the extension to the discovery schedule, defendant's counsel and plaintiff's counsel agreed that the Government would produce the remaining documents in the Elizabeth City matter on or before February 16, 2007. On February 1, 2007, seven days after the United States served its discovery in this matter, the plaintiff served interrogatories, document requests and requests for admissions upon the United States in the Port Huron matter and the St. Petersburg matter.

On February 12, 2007, Government counsel sent an e-mail to K-Con's counsel requesting a two-week extension of the February 16 deadline to produce the remaining documents in this case because of technical problems in loading the documents to a database. See Exh. 1. In

response, K-Con's counsel agreed to a one-week extension. See Exh. 2. That evening, however, Government counsel's wife was admitted to the hospital with medical complications related to her pregnancy. Government counsel's son was born the following day by emergency Caesarian-section, two-and-one-half weeks prior to his due date.

Government counsel went to his office on February 16, 2007, in part, to contact K-Con's counsel to seek additional time to produce the Elizabeth City documents and to seek more time for discovery in this matter and the St. Petersburg matter. K-Con's counsel was not available, and Government counsel left him a message to call Government Counsel at his home.

K-Con's counsel called Government counsel at home on Monday, February 19, 2007. Government counsel informed K-Con's counsel of the circumstances surrounding the birth of his son and that he intended to be away from the office on paternity leave for at least the remainder of February. He told K-Con's counsel that, at that point, he could not be certain when he would be in a position to provide the remaining documents in this matter or respond to the outstanding discovery requests. K-Con's counsel told Government counsel to "take whatever time you need" and agreed to conduct further discussions regarding discovery deadlines after Government counsel returned from leave. During the call, K-Con's counsel also raised concerns that he had not received documents he expected to receive as part of the first production set in this matter. Government counsel informed him that in the Government's view the only documents remaining to be produced in this matter were e-mail communications and that if there were non-e-mail documents that K-Con's counsel felt should have been produced he should send Government counsel a description of such documents. K-Con's counsel responded that he did believe he was entitled to additional non-e-mail documents and that he would send a description of the documents to Government counsel.

The due date for K-Con's responses to the Government's discovery in this matter lapsed on February 26, 2007. Other than the telephone conversation between the attorneys on February 19, there were no communications regarding the extension of discovery deadlines.

Indeed, there were no communications between the parties at all regarding the related cases between February 19, 2007 and March 26, 2007, the day that K-Con filed motions to compel in all three matters. K-Con did not respond to the Government's outstanding discovery requests in this matter.[1] K-Con's counsel did not, as he had indicated he would, send a description of the documents he believed were missing from the first document production. Nor did he make any attempt to communicate with the Government counsel regarding discovery or attempt to confer with Government counsel prior to submitting K-Con's motion to compel. Rather, K-Con's counsel sent an e-mail indicating his intent to file the motion, and then filed the motion later the same day. See Exh. 3. K-Con's counsel did not attempt in good faith to resolve this discovery dispute and did not attempt to confer with Government counsel in order to secure the requested information and material without action by this Court, despite the requirements of Rule 37 and his affirmation to that affect in his motion to compel.

On April 12, 2007, the Government responded to K-Con's interrogatories in this matter and the St. Petersburg matter and the request for documents in all three matters.

**The Court Should Deny Plaintiff's Motion to Compel And Motion For Expenses**

On April 12, 2007, the Government made the remaining documents requested in this matter available for inspection and copying by K-Con. Thus, K-Con's motion to compel is moot and should be denied.

Moreover, K-Con is not entitled to expenses pursuant to RCFC 37(a)(4). That section

1 K-Con finally responded to the Government's discovery in the Elizabeth City matter on April 10, 2007, 43 days

provides that the payment of expenses is not appropriate if "the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action." K-Con made no attempt to confer with the Government prior to filing its motion to compel, and counsel's affirmation to that effect in K-Con's motion to compel simply is not true. Indeed, there was no communication between the parties regarding the related cases since February 19, 2007, which was <u>before</u> the agreed upon due date for the document production that is the subject of the plaintiff's motion to compel. Plaintiff made no attempt to communicate with the Government after the due date for the Government's discovery responses expired. Rather, on the day that K-Con filed its motion to compel, K-Con's counsel sent an e-mail indicating his intention to file a motion. See Exh. 3. Later that day, before the Government had an opportunity to respond to the e-mail, K-Con filed its motion to compel. As a result of counsel's failure to confer in good faith or attempt to confer with the Government in an effort to secure the information or material sought without court action, K-Con's motion for expenses must be denied.

In addition, RCFC 37(a)(4) provides that this Court should not order the payment of expenses if the opposing party's nondisclosure is "substantially justified." The fact that the Government did not respond to K-Con's discovery requests on or before their due date is substantially justified. Plaintiff's counsel provided a verbal assurance to the Government's counsel that, in light of his extenuating personal circumstances, the parties could agree to modified discovery deadlines at a later time. Government counsel reasonably relied on that assurance. Moreover, K-Con's counsel failed to take any steps in order to move the discovery of these three cases forward after the discussion on February 19, 2007. K-Con failed to respond to

---

after they were due and just two days prior to the due date of the Government's response to K-Con..

the Government's interrogatories and document requests in this case due on February 26, 2007 and did not attempt to obtain an extension of the due date from the Government for those responses. K-Con's counsel also failed to send a description of the Elizabeth City documents to which he believed he was entitled, as he indicated he would in counsels' February 19, 2007 call, and never attempted to communicate with the Government in order to set new response due dates for any of the related cases.

Finally, we note that Government counsel's diligent efforts to contact plaintiff's counsel while on leave in the days following the birth of his son, and the fact that the Government has responded to K-Con's discovery requests prior to submitting this response, are evidence that the Government has acted in good faith to comply with its obligation to cooperate in discovery. In addition, K-Con has suffered no prejudice as a result of the short delay in obtaining its discovery responses. This case is in its very early stages. K-Con claims that it failed to satisfy the March 28, 2007 deadline to deliver its expert report because of the delay in discovery and, therefore, has filed a motion for the extension of the discovery deadlines in this case simultaneously with its motion to compel. The Government will not oppose that motion.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court deny plaintiff's motion to compel and for expenses, and permit the Government to respond to plaintiff's requests for admission on April 12, 2007.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee
BRYANT G. SNEE
Deputy Director

/s Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit
8th Floor
1100 L. Street, NW
Washington, D.C. 20530
Tel: (202) 514-4678
Fax: (202) 514-8624

April 12, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 12th day of April, 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler