IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNITED STATES OF AMERICA, DEPARTMENT OF HOMELAND SECURITY, UNITED STATES COAST GUARD,**<br><br>**Defendant.** | ) | **No.: 05-914C**<br>**(Judge Block)** |

**PLAINTIFF'S SECOND MOTION TO COMPEL**

Pursuant to RCFC 37, the Plaintiff, by and through the undersigned attorney, hereby moves before this Court for an Order compelling Defendant to produce documents in response to discovery requests, and an Order directing Defendant to pay Plaintiff's reasonable expenses incurred in filing this motion and obtaining this Order. This motion is based on Defendant's failure to provide documents responsive to Plaintiff's Requests for Production of Documents and the Defendant's expert's refusal to provide documents in response to a subpoena, all as set forth below.

This case involves the termination for default and assessment of liquidated damages by the Government. The Government, Coast Guard, entered into a design-build contract with K-Con to design and build a metal building at the Coast Guard base in Elizabeth City, NC. The contract was awarded on or around September 23, 2003 for $513,520.00 with a completion date of June 17, 2004.

The Government alleges that K-Con delayed performance and took the drastic step of terminating K-Con for default. The Government then entered into a reprocurement contract for over $200,000.00 more than the original contract with K-Con, the Government issued at least 5 modifications to the reprocurement contract changing the design and increasing the costs by over

$100,000.00, and the reprocurement contract took longer to perform than the original contract performance period.

The primary issue is the cause of the delay. K-Con contends it was the result of the Government's defective specifications, the failure of the Government to provide information, direction during the drawing submittal and approval process, direction during the construction phase, and the absolute failure of the Government to cooperate with K-Con. The biggest issues relate to what the Government wanted, what the solicitation and contract actually required, what K-Con did, and what the Government directed K-Con to do. Therefore, K-Con contends that all documents relating to the contract are relevant or may lead to the discovery of relevant information. In contrast, the Government has apparently limited the production of documents to only those from the "Coast Guard's official contract file." In addition, the Government has refused to produce all of the requested documents claiming "the documents plaintiff is requesting are not relevant to this litigation."

The Plaintiff has been trying to get all of the documents since last September, yet the Government persists in refusing to provide all of the documents. The Plaintiff requests the Court order the Government to produce all requested documents or advise that no such documents exist, if that is the case. The following specific discovery issues need to be resolved.

**A. <u>Plaintiff's First Set of Request for Production of Documents</u>**:

**Request No. 7**: Any and all documents relating to any analysis by the government of the schedules submitted by the Contractor.

> The Government objected on the basis of attorney-client or work product privilege, but stated all requested documents were available for inspection and copying. It does not appear that any documents were provided in response to this request.

**Request No. 8**. Any and all schedules produced or prepared by the government relating to the Contract.

The Government objected on the basis of attorney-client or work product privilege, but stated all requested documents were available for inspection and copying. No documents were provided in response to this request.

**Request No. 10**. Any and all logs and/or diaries of any of the government inspectors assigned to inspect the Contractor's work under the Contract, including but not limited to: logs, diaries, letter, notes, memoranda, inspection reports, deficiencies, logs or other documents, including drafts thereof.

The Government objected on the basis of attorney-client or work product privilege, but stated all requested documents were available for inspection and copying. It does not appear that all documents were provided in response to this request. For example, the Government has apparently limited the document production to documents in the "Coast Guard's official contract file" and not provided documents form the field personnel and inspectors.

**Request No. 12**. Any and all documents relating to any re-procurement for the services required by the Contract, including, but not limited to, documents relating to the development of the specifications; the bid package; amendments to the solicitation; any questions submitted by prospective bidders; drawings and/or engineering documents prepared by the government (or by an agent or subcontractor for the government); proposals submitted in response to the solicitation; documents relating to negotiations; documents relating to award of the re-procurement contract; correspondences of any type between the government and the re-procurement contractor; documents relating to any investigations by the re-procurement contractor; requests for information submitted by the re-procurement contractor and the government's response to such requests; requests for changes submitted by the re-procurement contractor; requests for equitable adjustments and claims

submitted by the re-procurement contractor; engineering reports, designs and/or drawings submitted by the re-procurement contractor; inspection reports by the re-procurement contractor and/or the government; and invoices, schedules, and progress reports submitted by the re-procurement contractor.

The Government objected on the basis of attorney-client or work product privilege, but stated all requested documents were available for inspection and copying. It does not appear that any documents were provided in response to this request. No as-built drawings have been produced and the Government has apparently limited the document production to only documents in the "Coast Guard's official contract file."

**Request No. 13**. Any and all documents relating to any changes in the design or specifications between the work required under the Contract and the work required by the re-procurement contractor.

The Government objected on the basis of attorney-client or work product privilege, but stated all requested documents were available for inspection and copying. It does not appear that any documents were provided in response to this request. No as-built drawings have been produced and the Government has apparently limited the document production to only documents in the "Coast Guard's official contract file."

**Request No. 15**. Any and all documents relating to the calculation of the liquidated damages amount set forth in the Contract.

The Government objected on the basis of attorney-client or work product privilege, but stated all requested documents were available for inspection and copying. No documents were provided in response to this request.

**Request No. 16**. Any and all documents relating to the calculation of the liquidated damages amount set forth in the re-procurement contract.

The Government objected on the basis of attorney-client or work product privilege, but stated all requested documents were available for inspection and copying. No documents were provided in response to this request.

**Request No. 20**. Provide any and all documents relating to the methodology employed in calculating the liquidated damages figure included in the Contract, including any and all regulations, policies, procedures, manuals, rate schedules either adopted or utilized, calculations performed, memoranda, correspondences, and worksheets completed or otherwise utilized.

The Government objected on the basis of attorney-client or work product privilege, but stated all requested documents were available for inspection and copying. No documents were provided in response to this request.

**Request No. 21**. Provide any and all documents relating to any contracting officer's written determinations regarding the anticipated loss from delayed completion of the Contract, and any approval of the liquidated damages amount stated in the Contract.

The Government objected on the basis of attorney-client or work product privilege, but stated all requested documents were available for inspection and copying. No documents were provided in response to this request.

**Request No. 22**. Provide any and all documents relating to the liquidated damages amount stated in the Contract, documents relating to the basis for determining that the amount exceeded the amount determined by the instruction, documents relating to any justification (including backup calculations) that was prepared and/or submitted, and documents relating to calculating and/or using the higher rates than those determined by using the instructions.

The Government objected on the basis of attorney-client or work product privilege, but stated all requested documents were available for inspection and copying. No documents were provided in response to this request.

**Request No. 26**. Any and all documents relating to any procedures, standards, guidelines, rules and/or formulas used in preparing or reviewing the government estimates for such additional items.

The Government objected on the basis of attorney-client or work product privilege, but stated all requested documents were available for inspection and copying. No documents were provided in response to this request.

**B. <u>Plaintiff's Second Request for Production of Documents</u>**:

The Plaintiff requested "Any and all documents of any type whatsoever relating to Contract No. 3EFK27 (GSA Contract No. GS-07F-0216l). . ." including:

a. development of the requirements for the project,
b. the solicitation,
c. proposals submitted in response to the solicitation,
d. all pre-award information,
e. all negotiations with any bidder,
f. the contract,
g. modifications to the contract,
h. delay reports,
i. logs,
j. correspondences,
k. memoranda,
l. any and all subcontracts between the Government and any entity relating to the project, including contracts for inspection services,
m. schedules,
n. emails,
o. internal memoranda between government personnel,
p. correspondences between the Government and any other entity relating to the project,
q. financial data including funding for the project, limitations on funding, funding requests,
r. calculation of liquidated damages,
s. documents supporting the calculation for liquidated damages,
t. documents relating to any claims asserted by the Government against the contractor,
u. any documents relating to the review or evaluation of any claims by the Government

against the contractor,

v. documents relating to the review of any claims submitted by the contractor,

w. claims submitted by any other contractor or subcontractor to the Government relating to this project.

The Government contends it is not required to produce documents responsive to items: a, b, c, d, e, j, k, n, o, p and q.

**C. <u>Subpoena to Defendant's Expert, John McGrath</u>:**

The Plaintiff served a subpoena on the Defendant's expert, John McGrath, requesting he produce certain documents. (Exhibit 1). The Government has advised that the expert will not produce the requested documents. In an attempt to resolve this, Plaintiff's counsel provided the Government's counsel with cites to cases holding that the Government must produce all of the requested documents; however, the Government continues to refuse to provide the documents. See *Energy Capital Corp. v. U.S.,* 45 Fed. Cl. 481 (2000)(work-product doctrine did not preclude production of documents given by plaintiff's trial attorneys to expert witnesses who were expected to testify on behalf of plaintiff at trial, including documents that revealed "opinion" work product) and *Elm Grove Coal Co. v. Director, O.W.C.P*, 480 F. 3d 278 (2007)(Draft expert reports that are prepared by counsel and provided to testifying experts, and attorney-expert communications which explain the lawyer's concept of the underlying facts or his view of the opinions expected from such experts, are not entitled to protection under the work product doctrine).

**D. <u>Government's Privilege Log</u>:**

The Government provided a Privilege Log identifying 161 documents as privileged based on the "attorney-client" privilege. (Exhibit 2). Documents listed as No.'s 3, 5, 6, 9, 12, 13, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 29, 32, 33, 34, 35, 36, 37, 40, 41, 42, 43, 44, 45, 46, 47, 48, 51, 53, 54, 55, 59, 65, 67, 68, 70, 71, 72, 73, 83, 84, 86, 87, 88, 89, 90, 93, 94, 99, 103, 104, 109, 110, 111, 112,

116, 117, 119, 120, 124, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 137, 138, 139, 140, 141, 146, 149, 150, 151, 155, 156, 157, 158, 159, 160, and 161 do not appear to be privileged, or are to or from a third party, and are not protected by the attorney-client privilege or any other privilege.

**E.** **Cathy Broussard's (Contracting Officer) Journal**:

The Government has refused to provide the contracting officer's original journal, and has only provided certain portions that the Government determined to be relevant. Plaintiff's counsel has offered to enter into an appropriate protective order prohibiting disclosure of any information not relating to this contract; however, Government's counsel has refused to produce the original journal under any circumstances.

**Conclusion:**

The Plaintiff requests the Court issue an order (1) directing the Government to produce all of the requested documents, or state that no such documents exist, and (2) requiring that the Government pay Plaintiff's reasonable attorney's fees and costs associated with this motion.

In accordance with RCFC 37, I affirm that I have attempted in good faith to resolve the matter contained in this motion, and that I have conferred or attempted to confer with Defendant's counsel in an effort to secure the information or material without action by this Court.

Respectfully submitted.

**PEDERSEN & SCOTT, P.C.**

S/William A. Scott
William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this 8th day of October, 2007.