**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 05-914 C** |
| **vs.** | ) | **(Judge Block)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

The plaintiff, K-Con Building Systems, Inc. ("K-Con"), has moved to compel the United States to respond to its discovery requests and for an order that the United States pay its expenses related to the filing of its motion. The United States has, however, stated a proper objection with respect to each document it has declined to produce. Indeed, plaintiff's discovery requests are, in many instances, vague, unduly burdensome or seek the production of privileged documents. In some cases, the documents plaintiff seeks simply do not exist, as has been explained to plaintiff. Compounding the problem is that plaintiff has failed to articulate the reasons it believes the law requires the production of the documents it seeks. Instead, during discovery negotiations plaintiff made the same type of blanket assertions of entitlement that it makes in its motion to compel, thus frustrating those negotiations. In contrast, the Government has, at all times, articulated the legal basis for its positions, cooperated in discovery and acted in good faith. For these reasons, and the additional reasons described below, we respectfully request that the Court deny plaintiff's motion to compel and its motion for expenses.

**BACKGROUND**

Plaintiff has served two sets of requests for the production of documents in this matter. Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests to Admit to Defendant (the "First Request") were served October 5, 2006. The Government conducted a reasonable investigation to locate documents responsive to the First Request, and on January 25, 2007, the Government served upon plaintiff the all of the non-privileged documents responsive to the First Request within its possession, custody or control. After a dispute between the parties as to whether the due date for the Government's responses had been extended, plaintiff filed a motion to compel on March 26, 2007. Pl. Mot. to Compel filed March 26, 2007. Defendant served its written responses and objections to the First Request on April 18, 2007. A1-12.

On July 16, 2007, plaintiff's counsel reviewed original documents responsive to a request for production in another matter between the same parties, K-Con Building Constructors v. United States, Fed. Cl. No. 05-981 (before Judge Sweeney) (the "St. Petersburg Matter"). During the inspection, plaintiff's counsel expressed his view that plaintiff was entitled to receive all documents related to the contract at issue in that case, regardless of whether they were responsive to plaintiff's First Request (or, for that matter, any request for production), and expressed great frustration at not having received the documents to which he believed the plaintiff was entitled. Plaintiff's counsel also stated a similar view with respect to the document production in this matter and a third related matter, K-Con Building Constructors v. United States, Fed. Cl. No. 05-1054 (also before Judge Block) (the "Port Huron Matter"). Defendant's counsel explained to plaintiff's counsel that pursuant to RCFC 34, the Government was only obligated to produce documents that actually were requested by the plaintiff. Nevertheless, as a

measure of good faith and in the spirit off cooperation in discovery, the Government agreed to produce the contents of the Coast Guard's official contract file for all three matters, except those documents that are subject to the attorney client privilege or work product doctrine. To be clear, the Government has never taken the position, and does not take the position, that its document production obligations are limited to the contents of the Coast Guard's official contract file. Rather, the Government has endeavored to comply fully with its discovery obligations pursuant to the RCFC, producing documents when it is appropriate to do so, but also asserting objections to plaintiff's discovery requests when it has been necessary to protect the legitimate interests of the United States. The production from the Government's official contract file represented a supplemental disclosure made as a good faith accommodation to the plaintiff. The Government produced the supplemental documents in this matter to plaintiff on September 28, 2007.

Plaintiff responded to the July 16 negotiations by serving Plaintiff's Second Set of Requests for Production of Documents to Defendant (the "Second Request") on July 19, 2007. This request sought production of "[a]ny and all documents of any type whatsoever relating to" the contract that is the subject of this litigation, including, "but not limited to" 23 enumerated categories of documents. The Government served its response on August 21, 2007, objecting that the Second Request was overly broad, unduly burdensome, oppressive, and sought information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objections stated in its response, and without waiving those objections, the Government produced documents relating to 12 of the 23 categories enumerated in plaintiff's request, to the extent such documents are known by the Government to exist. Id. The Government maintained its objections with respect to the other 11 categories, but noted that a substantial portion of the documents requested in those categories already had been produced

in response to the First Request. Id.

## ARGUMENT

Plaintiff's motion to compel should be denied. Its requests for production are overly broad, unduly burdensome, not relevant to the present litigation or seek information that is protected by the attorney client or work product privilege. In many cases, plaintiff seeks the production of documents that simply do not exist. Moreover, plaintiff has steadfastly refused to respond to the objections raised by the Government; neither its correspondence leading up to the filing of its motion to compel nor its motion to compel articulate any reasons why the objections raised by the Government are not valid. We therefore respectfully request that the Court deny the motion to compel and deny plaintiff's motion to recover costs.

### I. Plaintiff's First Set Of Requests for Production Of Documents

Section A of plaintiff's motion to compel seeks an order from the Court compelling production of documents in response to Requests No. 7, 8, 10, 12, 13, 15, 16, 20, 21, 22 and 26 set forth in the plaintiff's First Request. Pl. Mot. at 2-6. We objected to these requests to the extent they sought the production of documents protected by the attorney-client or work product privileges, and otherwise agreed to produce any documents in the Government's possession that are responsive to these requests. As the Government has informed plaintiff's counsel on several occasions, the Government has produced all non-privileged documents that are responsive to these requests. Indeed, Government counsel stated in a letter to plaintiff's counsel on September 25, 2007 that:

> [W]e have produced non-privileged documents that are within the defendant's possession, custody or control and which are responsive to the requests in plaintiff's first request for the production of documents. We have undertaken all reasonable efforts to locate the documents you requested; if a document you expected to find is not found among the

> production set, then, it is because it does not exist, was otherwise not located during our investigation, we have asserted that the document is privileged or the document was not responsive to your request.

A34. Thus, the Government is not aware of the existence of any documents responsive to plaintiff's request that the United States has not asserted are privileged.

## II. Plaintiff's Second Request for Production of Documents

Section B of plaintiff's motion to compel seeks an order from the Court compelling production of documents in response to the categories of the Second Request to which the Government objected. Pl. Mot. at 6-7. As explained above, the Government objected to 11 of the 23 categories in plaintiff's Second Request on the ground that they are overly broad, unduly burdensome, oppressive, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Government objected to plaintiff's request for:

> Any and all documents of any type whatsoever relating to [the contract that is the subject of this litigation], including, but not limited to:
>
> a. development of the requirements for the project,
> b. the solicitation,
> c. proposals submitted in response to the solicitation,
> d. all pre-award information,
> e. all negotiations with any bidder
> …
> j. correspondences,
> k. memoranda,
> …
> n. emails,
> o. internal memoranda between government personnel,
> p. correspondence between the Government and any other entity relating to the project,
> q. financial data including funding for the project, limitations on funding, funding requests,

***Categories a through e and q***

Categories a through e are not relevant to the issues in this litigation. Rule 26(b)(1) of the Rules of the Court of Federal Claims ("RCFC") states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claims or defense of any party." This case involves the delayed performance of a contract for the construction of a prefabricated metal building in Elizabeth City, North Carolina. Compl. ¶ 9. In this lawsuit, plaintiff claims that the Coast Guard required it to perform work that was not required pursuant to its contract with the Government, and that the Government wrongfully terminated the contract and assessed liquidated damages based upon the resulting delays in the completion of the contract. Compl. ¶ 9-15. Plaintiff seeks conversion of the termination of its contract to a termination for the convenience of the Government and remission of liquidated damages. Compl. at 3-4, prayer for relief. Thus, the only claims in this case relate to K-Con's and the Coast Guard's conduct in the performance of the contract, and the reasons for the delay in the completion of the contract.

Categories a through e, however, relate only to information prior to the award of the contract. Moreover, none of the information sought in categories a through e relates in any way to the requirements contained in the contract or the parties' conduct during the execution of the contract. Indeed, categories c through e appear to be calculated to gain information about submissions by K-Con's competitors which is in no way relevant to the issues in this case. Plaintiff has made no attempt to explain the reasons why it believes that production requests a through e are relevant to the issues before this Court.

Similarly, plaintiff's request in category q for "financial data including funding for the project, limitations on funding, funding requests" is not relevant to the claims asserted by plaintiff in this litigation. The manner of the contact's funding bears no relationship to the

delays in this case or the alleged additional work required by the Government. Moreover, to the extent that this request seeks "financial data" in addition to the funding information, it is vague and overly broad.

***Categories j, k, n, o and p***

Plaintiff's motion to compel should be denied with respect to categories j, k, n, o and p. A motion to compel the production of documents may be denied if the request is oppressive or would present an undue burden or expense. Cf. RCFC 26(c). The production sought by the above-cited paragraphs is overly broad, cumulative, seeks the production of documents that are not relevant to this litigation and, thus, is oppressive and unduly burdensome to the Government.

In short, categories j, k, n, o and p request all written communications related to the subject contract in any way. K-Con makes no attempt to limit its requests to communications that relate to the subject matter of this litigation. Instead, plaintiff seeks to undertake a fishing expedition of all of the Government's written communications. Many of the Coast Guard's communications "related" to the contract have to do with issues that are in no way relevant to the present litigation and thus are not properly the subject of discovery in this case.

Moreover, these requests present an undue burden upon the Government because compliance by the Government would require it to undertake a third review of its documents. The Government reviewed its correspondence files in order to produce documents in response to the First Request in January 2007. Then, upon examining the documents, plaintiff's counsel complained that the Government should have produced documents that were not responsive to plaintiff's request for production, but that were, in his view, relevant to the litigation. In an effort to cooperate, the Government agreed to conduct a second review of its documents and to produce all of the non-privileged documents from its official contract file. Plaintiff is now

demanding that the Government conduct a third review of its correspondence. Satisfying this request would require the Government to undertake work that is substantially duplicative of work that it has already performed. It would place an undue burden on the Government to have to collect its correspondence again and conduct another privilege review.

The discovery issues before the Court stem from plaintiff's failure or unwillingness to articulate a proper discovery request that meets its legitimate needs in this litigation. The Government fully complied with the First Request, but plaintiff's counsel evidently determined after the Government's compliance that he was dissatisfied with the scope of his own discovery requests. The Government agreed to provide additional documents that plaintiff had not requested. Plaintiff then made a discovery request at the opposite extreme, seeking all documents with any conceivable relationship to the subject contract, without making any attempt to tailor its request to matters relevant to this litigation. It is incumbent upon the plaintiff to accurately assess its discovery needs and to communicate them adequately to the defendant in the form of a RCFC 34 request for production. At some point, plaintiff's failure to do so after several attempts creates an undue burden that the Government should not be forced to bear.

For the reasons stated above, plaintiff's motion to compel the production of documents in response to categories j, k, n, o and p should be denied.

## III. Documents Prepared By The Government's Expert

Plaintiff served a subpoena upon the Government's expert, John McGrath, on August 27, 2007. In its motion to compel, plaintiff incorrectly states that "[t]he Government has advised that the expert will not produce the requested documents." Pl. Mot. at 4. As the Government has explained to plaintiff, the documents related to this case which are in Mr. McGrath's possession have already been produced to the plaintiff by the Government. The Government has

informed plaintiff that if it wishes to inspect the copies of those documents in Mr. McGrath's possession, it may do so. Id. To date, plaintiff has not communicated a desire to do so.

The Government believes that this section of plaintiff's brief likely resulted from an error, and that there is no controversy on this issue. As stated above, the Government has produced to plaintiff all of the documents it has provided to Mr. McGrath. In fact, it has done this with respect to the Port Huron Matter and the St. Petersburg Matter, as well. The Government has, however, asserted that several documents prepared by Mr. McGrath relating to the Port Huron Matter and St. Petersburg Matter are subject to protection from disclosure pursuant to the attorney work product doctrine. The Government has not made a similar assertion in this matter because Mr. McGrath did not perform a similar analysis with respect to this matter. We believe that this section of plaintiff's motion may have been errantly held over from a draft of one of a similar motion filed in either the St. Petersburg Matter or the Port Huron Matter. In any event, the Government has not refused to produce documents in Mr. McGrath's possession relating to this matter.

## IV. The Government's Privilege Log

Plaintiff contends that 91 of the documents with respect to which the Government has asserted a privilege "do not appear to be privileged, or are to or from a third party." Plaintiff fails entirely, however, to state a specific challenge with respect to any of the Government's privilege assertions. Many of the communications identified are between the Coast Guard's attorney, Mr. Phillip Gillihan, and a member or members of the Coast Guard's contracting staff. Plaintiff fails to explain the meaning of the term "third party" in this context, fails to identify any such third party and fails to explain the significance of that designation to the privilege analysis. If the Court believes it would be helpful, the Government gladly will provide additional

information supporting its privilege assertions, but we request that plaintiff be required to clearly articulate the bases for its challenges. Without greater specificity from the plaintiff with respect to its challenges, the Government would be put in the position of having to provide superfluous details about the relevant communications. Moreover, without a complete understanding of plaintiff's challenges, the Government might deprived of the opportunity to provide categorical responses that apply to multiple communications. In short, plaintiff has articulated its challenges to the Government's privilege assertions in such a way as to place an undue burden on the Government. We therefore request that plaintiff's motion to compel be denied.

**IV. The Contracting Officer's Journal**

The contracting officer, Ms. Cathy Broussard, takes handwritten notes of all meetings she attends, including meetings related to contracts other than the contract that is the subject of this litigation, in a bound journal. Plaintiff contends that it is entitled to review the original journal in its entirety. Ms. Broussard's original handwritten notes cannot be produced, however, without also producing her notes from meetings related to the myriad of other contracts she administers. The Government has photocopied all of the notes taken at meetings relating to the contract that is the subject of this litigation and has produced them to the plaintiff.

The Government has provided good cause as to why it should not be required to produce the original journal; specifically, that it would require disclosure of numerous documents that are patently irrelevant to this litigation. Indeed, plaintiff does not contend that the subject documents are relevant. Moreover, plaintiff has not stated a need for the additional disclosure it seeks or stated a basis in law supporting its contention that the production of Ms. Broussard's original notes is required. Plaintiff's motion to compel production of the original journal therefore should be denied.

## V. Even If The Court Grants Any Part Of Plaintiff's Motion To Compel, Plaintiff Is Not Entitled To An Award Of Expenses

RCFC 37(a)(4) provides that this Court should not order the payment of expenses if the opposing party's nondisclosure is "substantially justified." The Government stated timely objections to each of the plaintiff's discovery requests that are the subject of its motion to compel. With the limited exception noted in this response, plaintiff failed to respond to the Government's objections with substantive explanations of the reasons it believed it the Government's objections were not valid. Instead, plaintiff has propounded bare assertions of entitlement without explanation or legal citation. Pl. Mot. at 1-5, A39-41. Under the circumstances, the Government's nondisclosure was substantially justified.

Moreover, RCFC 37(a)(4) provides that the payment of expenses is not appropriate if "the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action." K-Con's correspondence prior to filing its motion to compel did not represent a "good faith effort to obtain the disclosure or discovery without court action," given its complete failure to provide substantive responses to the Government's objections. As a result, K-Con's motion for expenses must be denied.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court deny plaintiff's motion to compel and for expenses.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee

BRYANT G. SNEE
Deputy Director

/s Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit
8th Floor
1100 L. Street, NW
Washington, D.C. 20530
Tel: (202) 514-4678
Fax: (202) 514-8624

October 31, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 31st day of October, 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler