**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 05-914C** |
| **vs.** | ) | **(Judge Block)** |
| | ) | |
| **UNITED STATES OF AMERICA, DEPARTMENT OF HOMELAND SECURITY, UNITED STATES COAST GUARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S REPLY TO RESPONSE TO MOTION TO COMPEL**

In the Government's Response, the Government essentially claims that it can "pick and choose" which documents relating to the contract it can withhold based on its determination of relevance or privilege. The Government ignores that "relevancy for the purposes of Rule 26 is broadly construed" *AAB Joint Venture v. United States*, 75 Fed. Cl. 432, 439 (2007), and K-Con is entitled to discover all relevant information including "information that is reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1) RCFC. The requested documents must be produced because they are relevant or may lead to the discovery of relevant information, and are not protected by any privilege.

This case involves a negotiated procurement (RFP) for a design/build contract for a metal building in Elizabeth City, North Carolina. During negotiations the Government requested revised proposals as a result of funding restrictions, and awarded the contract for $513,520.00. K-Con anticipated the contract would be similar to commercial type design/build contracts it had performed under its GSA Contract (under which this contract was awarded), however, the Coast Guard

administered the contract dictating both the design and means and methods for construction.

The Government terminated K-Con for default and is now assessing liquidated damages of approximately $374,680 and reprocurement costs of over $800,000 against K-Con. The issues in the case generally involve what the Government wanted, what the solicitation actually required, what K-Con did, and what the Government directed K-Con to do. More specifically, the issues involve problems with the solicitation, what was actually required by the design/build contract, defective specifications, delays to the contract caused by the Government, the failure of the Government to provide information, the failure of the Government to properly administer the contract, directed changes by the Government, interference by the Government, the failure of the Government to follow the proper procedures for terminating K-Con, the Government's failure to mitigate damages, the calculation of the amount set forth in the contract for liquidated damages, the potential damages the Government could have reasonably anticipated for delay, additional work and design changes during the reprocurement contract, delays during the reprocurement contract, and the damages claimed by the Government.

This is the second motion to compel. The first motion resulted in the Government agreeing to provide what K-Con understood to be all of the requested documents. The Government first made documents available for inspection and copying in Washington DC on June 6-8, 2007. K-Con understood that all of the requested documents would be made available for inspection and copying at that time; however, six (6) days before the document inspection, the Government advised that the production would be limited to only copies of emails and electronic documents. The Government agreed to make the remaining documents available for inspection and copying in Norfolk on July 16, 2007. Upon that representation, the first motion to compel was withdrawn on June 15, 2007.

However, when the inspection took place in Norfolk, not all requested documents were produced. The Government did not even make all of the documents identified in its Initial Disclosures available for inspection and copying. This motion was filed after three months of unsuccessful attempts to obtain all of the requested documents from the Government.

Considering the Government has the burden of proof in this case, and K-Con has a right to fully defend itself against the Government's claims, and that all of the requested documents relate to the contract at issue or the reprocurement contract, it is hard to imagine what documents relating to the contract are not relevant or may not lead to relevant information. In contrast, the Government apparently prefers to withhold documents it considers irrelevant, or too burdensome to produce, in an attempt to "negotiate" which documents it will and will not produce. K-Con simply wants what the rules provide for - disclosure of all documents that are relevant or may lead to the discovery of relevant information so that it can adequately defend itself.

**A.** **<u>K-Con's First Request for Production</u>**:

The Government claims all "relevant" documents have been produced, or are withheld based on privilege. There are two primary issues.

First, the Government has apparently limited its production to documents in the "Coast Guard's official contract file." Based on the documents that have been produced, it appears the only documents that have been produced are those in the Coast Guard's files maintained in Norfolk, Virginia. The work was performed in Elizabeth City, North Carolina; however, it does not appear documents maintained at the site or by the onsite inspectors have been provided. The Government needs to define what is meant by the "Coast Guard's official contract file" and produce all requested documents regardless of where the files are maintained.

Second, despite the Government's representations, it has not produced all requested documents. For example, Requests No.'s 15, 16, 20, 21 and 22 request documents relating to the calculation of liquidated damages. No documents relating to the calculation of the liquidated damages amount set forth in the contract or reprocurement contract have been provided. Significantly, the liquidated damages amount set forth in the reprocurement contract are $117/day less than the amount set forth in the contract with K-Con. ($551/day vs. $434/day). K-Con is challenging the liquidated damages as a penalty because the amount does not appear to be calculated in accordance with the applicable regulations and is not reasonably related to any damages the Coast Guard could have reasonably incurred as a result of any delay.

Based on discussions with Government counsel, the Government has withheld documents showing how the liquidated damages amount in the contract was calculated based on the attorney-client privilege. The documents, however, are not listed on the privilege log. The Government counsel contends that his verbal assertion of privilege, even though the documents are not listed on the privilege log, is sufficient to meet the requirement of the RCFC. (Exhibit 1, Email dated Oct. 2, 2007 from DOJ).[1]

K-Con contends that the documents cannot be privileged under any theory, and that if a privilege is claimed, the documents must be listed on the privilege log. The documents relating to the calculation of the liquidated damages, including supporting or referenced documents necessary for the calculation, are not privileged even if provided to an attorney for review. The documents

[1]When the Government first refused to provide the requested documents on liquidated damages, K-Con submitted its Second Set of Interrogatories aimed at determining how the liquidated damages amount was calculated. The Government objected to the Interrogatories because they exceeded the number of requests allowed by Rule 33(a).

were prepared in the normal course of business and cannot be withheld. See, *Energy Capital Corp. v. United States*, 45 Fed. Cl. 481, 485 (Fed. Cl. 2000)(when documents or conversations are created pursuant to business matters, they must be disclosed).

K-Con requests the Court issue an order directing the Government to produce all requested documents, regardless of what files they are in, and produce all documents relating to the calculation of liquidated damages.

**B. <u>K-Con's Third Request for Production</u>**:[2]

K-Con's Third Request for Production requested all documents relating to the contract. The Third Request for Production was made after K-Con inspected documents in Norfolk where the Government did not produce all of the documents requested in Plaintiff's First Request for Production and did not produce the documents identified in the Government's Initial Disclosures.

The Government contends the Requests are overly broad, unduly burdensome, oppressive, and seek information that is not relevant nor reasonably calculated to lead to the discovery of relevant information. Considering the Government's prior failure to produce even the documents it identified in its Initial Disclosures, the request was necessary to ensure all documents were produced. In addition, for the reasons discussed below, all of the requested documents are relevant or may lead to the discovery of relevant information.

As an initial matter, K-Con finds it disingenuous for the Government to object to K-Con's request for all documents relating to the Contract when the Government's Request for Production No. 1, requested: "all documents pertaining to the contract that is the subject matter of this litigation,

---

[2] Both the Plaintiff and the Defendant erroneously referred to Plaintiff's Second Set of Request for Production in the Motion and Response. Plaintiff's Third Set of Requests For Production is at issue.

including, but not limited to, all documents prepared, used by, or reviewed by K-Con in responding to the RFP in this matter." Assuming the Government's request was made in good faith, it is hard to imagine why all of K-Con's documents relating to the contract are relevant or may lead to the discovery of relevant information, but all of the Government's documents are not relevant or may lead to the discovery of relevant information.

The relevance of each category of documents is discussed below in the same order as presented by the Government.

**1. <u>Categories a through e and q</u>**:

The Government contends that the only claims in this case relate to the parties' conduct during performance and the reasons for the delay in completion of the contract, and as such, the requested documents are not relevant because they relate only to information prior to award.

**(a) development of the requirements for the project, and (b) the solicitation**:

The documents are relevant to what work was actually required, what information was required by the Government for the contractor to design and construct the building, what the Government expected in the design versus what was required by the specifications versus what was provided, the schedule and any constraints, liquidated damages, and what damages, if any, would be incurred as a result of any delay.

**(c) proposals submitted in response to the solicitation, (d) all pre-award information, and (e) all negotiations with any bidder**:

The documents are relevant to the knowledge of problems with specifications, including information necessary for the design, the reasonableness of the schedule, the reasonableness of the Government's estimate, knowledge of inadequacies in K-Con's proposal, possible defects with the

specifications and knowledge of the defects or problems with the specifications by the Government. K-Con is not interested in obtaining information on its competitors, and agrees to redaction of overhead rates or other potentially proprietary information.

**(q) financial data including funding for the project, limitations on funding, funding requests**:

The documents are relevant because they relate to the Government's initial budget, constraints on the contract and the work included in the contract imposed by the funding limitations, the ability for the Government to authorize changes or not authorize changes, and liquidated damages, or any damages to the contract resulting from late completion.

**2. Categories j, k, n, o and p**:

The Government contends the request is overly broad, seeks documents that are not relevant, oppressive, and presents an undue burden.

K-Con requested (j) correspondences, (k) memoranda, (n) emails, (o) internal memoranda between government personnel, and (p) correspondences between the Government and any other entity relating to the project. Significantly, the Government contends that it has produced the documents that are relevant from each of the categories, which is an admission that the documents are relevant or may lead to the discovery of relevant information. However, the Government has not produced all of the requested documents. It is not the Government's place to determine which of the requested documents are relevant. The Government has asserted claims against K-Con and it must provide all documents so that K-Con can defend itself. The request cannot reasonably be considered oppressive or overly burdensome under these facts.

K-Con requests the Court issue an order directing the Government to produce all documents

requested in the Third Set of Requests for Production of Documents.

**C. <u>Government's Privilege Log</u>**:

The Government contends that K-Con must clearly articulate the basis for its challenges to documents on the privilege log. The Government fails to recognize that, as the party asserting the privilege, it has the burden of demonstrating a privilege exists.

The Government identified 161 documents as privileged based on the attorney-client privilege. The privilege log contains the following information on each document: (1) the document number, (2) bate number, (3) date, (4) title/subject, (5) from, (6) to, and (7) privilege claimed. The only privilege claimed is the "attorney-client" privilege. Government attorneys have been identified as Phillip Gillihan, Audrey Roh, Talbot Nichols, David Stinson and Robert Chandler.

The law is clear. "The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with the communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding ...; and (4) the privilege has been (a) claimed and (b) not waived by the client." *AAB Joint Venture v. United States*, 75 Fed. Cl. 432, 446 (2007) citing *Energy Capital Corp. v. United States*, 45 Fed. Cl. 481, 485 (Fed. Cl. 2000).

The attorney-client privilege does not apply to all communications with an attorney. "The attorney-client privilege is triggered only by a client's request for legal, as contrasted with business, advice and is 'limited to communications made to attorneys solely for the purpose of the corporation seeking legal advice and its counsel rendering it.'" *Energy Capital*, 45 Fed. Cl. at 484, citing *In re*

*Grand Jury Subpoena Duces Tecum,* 731 F.2d 1032, 1037 (2d Cir.1984). "Thus, information does not become privileged simply because it came from counsel, and when documents or conversations are created pursuant to business matters, they must be disclosed." *Id*. It "does not protect either factual information or business advice. '[I]t is clear that when an attorney conveys to his clients facts acquired from other persons or sources, those facts are not privileged.'" *Id*. citing *Antoine v. Atlas Turner,* Inc., 66 F.3d 105, 110 (6th Cir.1995). Further, "[v]oluntary disclosure of confidential information to a third party constitutes a waiver of the privilege to those communications." *AAB Joint Venture*, 75 Fed. Cl. at 446.

"The assertion of privileges is strictly construed because privileges impede full and free discovery of the truth." *Energy Capital*, 45 Fed. Cl. at 484. "The burden of establishing the attorney-client privilege rests upon the party claiming privilege." *Id*. For each "of the documents for which Defendant seeks to invoke the privilege, Defendant must set forth objective facts to establish that the requirements set forth above for asserting the privilege are met." *AAB Joint Venture*, 75 Fed. Cl. at 447.

By letter dated September 4, 2007, K-Con identified 91 documents that did not appear to be covered by the attorney-client privilege, and requested that the Government either provide the documents, or provide an explanation as to why each of the documents is privileged. K-Con also advised that typically documents that are prepared in the normal course of business are not privileged, documents that do not go to any attorney are not privileged, documents that are copied to an attorney are not privileged, documents prepared before there is a definite threat of litigation are not privileged, documents provided to third parties are not privileged, and drafts of documents (such as drafts of contracting officer's final decisions) are not privileged.

As opposed to providing any further explanation, the Government requested further clarification of the basis for the objection to each document. A simple review of the Privilege Log demonstrates the issues. For example, documents identified as 9, 13, 16, 17, 18, 19, 22, 22, 23, 24, 25, 37, 46, 59, 67, 68, 88, 89, 90, 116, 117, 119, 120, and 151 are not to or from an attorney. Documents 12, 20, 26, 29, 35, 43, 65, 70, 72, 83, 84, 109, 110, 111, 112, 126, 131, 132, 133, 134, 135, 137, 139, 140, 141, 159, 160, and 161 were copied to an attorney, but otherwise appear to be prepared in the normal course of business and are not privileged. Other documents indicate "redacted portions" only, but have not been produced, and other documents appear to contain factual information, but are not seeking or providing legal advice. Without the Government fully setting forth the basis for the privilege, K-Con cannot articulate any more than it has done already. As the party asserting the privilege, it is the Government's obligation to support its claim of privilege for each of the documents.

K-Con requests the Court order the Government to provide information supporting the Government's position that each of the documents is privileged, or provide the documents.

**D. <u>Documents Subpoenaed from the Government's Expert, John McGrath</u>.**

The Government claims that it has already provided all of the requested documents, that K-Con has been offered the opportunity to inspect all of the documents, and the Government believes this section of K-Con's motion was likely submitted in error. The Government is incorrect on all three assertions.

By letter dated April [sic] 18, 2007, the Government identified documents it provided to Mr.

McGrath. (Exhibit 2, DOJ letter dated April [sic] 18, 2007).[3] Significantly, the documents provided to Mr. McGrath are also documents that the Government claims to be privileged. For example, the Government advised that it provided documents with Bate No.'s KCon-A-00001 to KCon-A-00801 to Mr. McGrath. The documents identified as 1-26 on the Government's Privilege Log all have bate numbers within that range and are all included in the documents provided to Mr. McGrath. Likewise, the Government provided documents with Bate No.'s KCon-B-00001 to KCon-B-00349 to Mr. McGrath. Again, documents identified as 27 - 85 on the Government's Privilege Log are all included in the documents provided to Mr. McGrath. It appears that all of the documents included on the Government's Privilege Log were produced to Mr. McGrath.

Since the documents identified on the Privilege Log were provided to the Government's expert, there is no privilege and the documents must be produced. See, *AAB Joint Venture*, 75 Fed. Cl. at 446. See also, Rule 26(a)(2)(B) Disclosure of Expert Testimony, RCFC.

The Government also states that in its Response that it "informed the plaintiff that if it wished to inspect the copies of those documents in Mr. McGrath's possession, it may do so." To the contrary, by letter dated September 13, 2007, the Government advised K-Con that it "objected to the subpoena in its entirety ... [and] after further consultation with Mr. McGrath, we will determine what documents, if any, he will provide to the plaintiffs." (Exhibit 3, Letter dated September 13, 2007 from DOJ). No documents have ever been made available for inspection.

K-Con requests the Court order Mr. McGrath to comply with the subpoena and produce all

[3] The letter also advised that the subpoena originally served on the Government's expert, John McGrath, was not properly served because it was served via certified mail, return receipt, and that Mr. McGrath was not obligated to respond. K-Con subsequently served the subpoena on Mr. McGrath via personal service.

documents, including documents listed on the Government's Privilege Log.

**E. <u>Cathy Broussard's (Contracting Officer) Journal</u>:**

The Government contends that it is not obligated to produce the complete journal maintained by the Contracting Officer, Cathy Broussard, but only portions of the journal that it deems relevant to this matter.

Again, the Government cannot pick and choose which portions of the journal it believes to be relevant or that might lead to the discovery of relevant information. The entire journal must be provided because it is impossible to ensure all relevant portions of the journal have been provided and it is impossible to determine from the portions that have been provided when the notes were taken or in what context they were made. Plaintiff's counsel has offered to enter into an appropriate protective order prohibiting disclosure of any information not relating to this contract. Under the circumstances, the Government has no legitimate basis for denying the request, and cannot insure that all relevant portions of the journal, including portions that may lead to the discovery of relevant information, have been produced.

K-Con requests the Court order the production of the complete journal, and that the parties enter into an appropriate protective order preventing the disclosure of information not relating to the contract.

**Conclusion:**

For all of the foregoing reasons, K-Con requests the Court order the production of all requested documents, and for attorney's fees and costs associated with this motion. The Government cannot "pick and choose" which documents it believes are relevant or not relevant, and only produce the documents it wishes to produce.

Respectfully submitted.

**PEDERSEN & SCOTT, P.C.**

S/William A. Scott
William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this 13th day of November, 2007.