# In the United States Court of Federal Claims

No. 05-914C
(Filed: April 14, 2014)

```
***************************************
K-CON BUILDING SYSTEMS, INC.,     *
                                  *
            Plaintiff,            *
                                  *
v.                                *
                                  *
THE UNITED STATES,                *
                                  *
            Defendant.            *
***************************************
```

**ORDER**

On March 28, 2014, defendant in the above-captioned case filed a motion requesting that the court either strike plaintiff's amended complaint or dismiss the portions of the amended complaint over which the court lacks jurisdiction. Plaintiff filed a response on March 31, 2014, and defendant filed a reply on April 10, 2014.

In its original complaint, filed August 22, 2005, plaintiff set forth its jurisdictional and factual allegations. Compl. ¶¶ 1-18. Then, in its prayer for relief, plaintiff challenged the propriety of the Coast Guard's default termination and the assessment of liquidated damages, and accordingly sought (1) the conversion of the default termination into a termination for the convenience of the government, (2) the remission of retained liquidated damages, and (3) damages it incurred as a result of the purportedly wrongful default termination and liquidated damages assessment. Id. at 3-4. Subsequently, in its February 26, 2014 Opinion and Order, the court granted plaintiff's motion to amend its complaint "to allege a claim based on its February 25, 2005 letter to the Coast Guard requesting a $50,325 price increase resulting from the excusable delays it alleged in its other February 25, 2005 letters." K-Con Bldg. Sys., Inc. v. United States, 114 Fed. Cl. 722, 734-36 (2014).

Pursuant to the court's order, plaintiff filed its amended complaint on March 14, 2014, adding the following factual allegations:

> 17. On January 25, 2005, K-Con submitted three (3) claim letters to the Coast Guard Contracting Officer requesting extensions for various excusable delays. One of the letters demanded a thirty (30) day non-compensable extension as a result of the Coast Guard's improper review and approval/ disapproval of K-Con's design. The second letter requested an extension as a result of interference by the

> on-site inspector. The third letter requested an extension as a result of weather delays. In each case the Coast Guard Contracting Officer denied K-Con's requests for extensions.
>
> 18. By letter dated January 25, 2005, K-Con submitted a claim for $50,325.00 for extended overhead due to delays outlined in K-Con's prior letter of June 25, 2005. The Coast Guard never responded to this claim.

Am. Compl. ¶¶ 17-18 (citations omitted). Then, after setting forth its factual allegations but before its prayer for relief, plaintiff added a two-paragraph section titled "Breach of Contract," in which it claims that the Coast Guard breached its contract with plaintiff by:

> a. Improperly terminating K-Con for default;
>
> b. Refusing to allow K-Con to complete the work and preventing K-Con from completing the work;
>
> c. Failing to comply with the terms of the Changes Clause;
>
> d. Failing to extend the Task Order performance period as a result of changes and delays caused by the Coast Guard;
>
> e. Failing to recognize excusable delays to the performance period;
>
> f. Interfering with and hindering K-Con's performance;
>
> g. Failing to pay for work performed; and
>
> h. Improperly withholding liquidated damages.

Id. ¶ 23. In this same section, plaintiff requests "actual damages in excess of $50,000.00" and the remission of liquidated damages as a result of the Coast Guard's breach of contract. Id. ¶ 24. The prayer for relief mirrors, in relevant part, the prayer for relief in the original complaint, with one exception–plaintiff adds a request for "monetary damages in an amount to be determined by the Court[.]" Id. at 5.

In its motion, defendant contends that plaintiff has alleged new breach-of-contract claims in its amended complaint and argues that those claims are beyond the scope of what the court permitted in its February 26, 2014 Opinion and Order. Defendant further argues that the court lacks jurisdiction over these new breach-of-contract claims because plaintiff never submitted a breach-of-contract claim to the contracting officer. In its response, plaintiff avers that its amended complaint complies with the court's order, arguing that its allegation that the Coast Guard breached the contract is merely another way of stating its equitable adjustment claims.

      Upon reviewing the parties' submissions, the court concludes that plaintiff has improperly amended its complaint to add breach-of-contract claims.  The court therefore **GRANTS** defendant's motion to strike and **STRIKES** plaintiff's amended complaint (document #180) from the docket.  Plaintiff shall file a new amended complaint that includes only those claims set forth in its original complaint (i.e., the claims related to the default termination and the assessment of liquidated damages) and the claim for equitable adjustment permitted by the court in its February 26, 2014 Opinion and Order (i.e., a claim based on plaintiff's February 25, 2005 letter to the Coast Guard requesting a $50,325 price increase for extended overhead resulting from the excusable delays described in plaintiff's other February 25, 2005 letters).[1]

      Plaintiff shall file a new amended complaint by **no later than Friday, April 25, 2014**.  Defendant shall file its responsive pleading **no later than Friday, May 9, 2014**, and plaintiff shall file a response to any counterclaim asserted by defendant **no later than Friday, May 16, 2014**.  Then, by **no later than Friday, May 23, 2014**, the parties shall file a joint status report suggesting a schedule for further proceedings.

      **IT IS SO ORDERED.**

                                                s/ Margaret M. Sweeney
                                                MARGARET M. SWEENEY
                                                Judge

---

[1] The court will not direct any particular changes.  However, a new amended complaint that lacks paragraphs 23 and 24 of, but is otherwise identical to, the submitted amended complaint would be acceptable to the court.